UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

FELIX SAUL GUEVARA NOLASCO and LUIS FERNANDO TRUJILLO LOPEZ, individually and on behalf of all others similarly situated,

           *Plaintiffs*,

    -against-

SUNRISE METAL INC., J.A.G AIR CONDITIONER CORP. and JAG MECHANICAL SERVICE LLC, and JOSE CARVAJAL, as an individual,

           *Defendants*.

----------------------------------------------------------------------X

FILED
CLERK

10/30/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**

24-cv-08057 (JMW)

**A P P E A R A N C E S:**

    James Patrick Peter O'Donnell
    **Helen F. Dalton & Associates**
    80-02 Kew Gardens Road, Suite 601
    Kew Gardens, NY 11415
    *Attorney for Plaintiffs*

    Michael D. Yim
    **Franklin, Gringer & Cohen, P.C.**
    666 Old Country Road, Suite 202
    Garden City, NY 11530
    *Attorneys for Defendants*

**WICKS,** Magistrate Judge:

The parties have filed a Motion for Settlement Approval (ECF No. 26) and have consented to the jurisdiction of the undersigned for all purposes (ECF Nos. 27-28). Prior to this submission, the parties participated in a mediation before Roger Briton whose efforts were influential in leading to the settlement in principle. (*See* Electronic Order dated 9/15/2025.) Having reviewed the Settlement Agreement, I find that the Agreement "reflects a reasonable and

fair compromise of the various disputed issues and not simply a waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Information Networking Computing, USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (quotations and citation omitted); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

In reaching this conclusion, the Court has considered, among other things: (i) that the settlement amount as reflected in the Settlement Agreement is substantial, fair, and makes up a satisfactory portion of Plaintiff's possible range of recovery; (ii) the settlement allows the parties to avoid the burdens and expenses of establishing their respective claims and defenses at trial; (iii) the high litigation risks involved in this case considering there exists a bona fide dispute between the parties and that Plaintiff may be entitled to less than he receives under the settlement, or nothing at all, if a trier of fact finds certain arguments or claims unpersuasive; (iv) the settlement was a product of arm's length negotiations between experienced wage and hour attorneys who vigorously litigated the terms of the settlement on behalf of their clients; and (v) the absence of any indicia of fraud or collusion in effectuating the agreement. *See Wolinksy v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012); *see also McPherson v. Look Ent. Ltd.*, No. 23-CV-04273 (JMA) (JMW), 2025 WL 43165, at *4 (E.D.N.Y. Jan. 7, 2025).

Moreover, the attorney's fees and costs portion of the settlement is reasonable and commensurate with the degree of success obtained, *see Fisher v. SD Protection Inc.*, 948 F.3d 593, 60607 (2d Cir. 2020), the release provided for in the Agreement is limited in scope, and the Settlement Agreement does not impose a duty of confidentiality. *See Alvarez v. B10 LLC*, No. 19-CV-1333 (EK) (SMG), 2020 U.S. Dist. LEXIS 37578, at *2 (E.D.N.Y. Mar. 3, 2020), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 64411 (E.D.N.Y. Apr. 10, 2020). For the reasons above, the terms of the settlement are fair and reasonable and otherwise satisfy the

factors set forth in *Wolinksy*, 900 F. Supp. 2d at 335-36 (S.D.N.Y. 2012). *See Fisher*, 948 F.3d at 600 (instructing that *Wolinksy* factors guide fairness inquiry).

"In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 22930 (S.D.N.Y. 2016) (citation omitted). Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases. *See Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 12, 2014); *see also Fisher*, 948 F.3d at 602 n.8 (citing cases); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"). Even where fees are reasonable when analyzed under the percentage method, courts will additionally perform a lodestar "cross-check" and "compare the fees generated by the percentage method with those generated by the lodestar method." *Mobley v. Five Gems Mgmt. Corp.*, 17 Civ. 9448 (KPF), 2018 WL 1684343, at *4 (S.D.N.Y. Apr. 6, 2018) (citations omitted). In utilizing the lodestar approach, courts must multiply a reasonable number of hours required for the case with the attorney's reasonable hourly rate. *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d. Cir. 2011).

Here, Plaintiffs' counsel is requesting $13, 119.00 in fees inclusive of costs[1], representing approximately one-third of the settlement amount ($35,500.00). (ECF No. 26 at 4.) Thus, the proposed attorneys' fees are reasonable under the percentage method. Additionally, having reviewed the statements and billing records of Plaintiffs' counsel, the Court notes that Plaintiffs' lodestar amount is $18,280.00, a figure arrived at after (i) multiplying 16.9 billable hours spent by Attorney Roman Avshalumov, senior managing attorney, on the case with a rate of $500.00,

---

[1] Plaintiffs' counsel requests $11,190.50 for fees and $1,928.50 for costs, as discussed below.

3

(ii) multiplying 19.7 billable hours spent by Attorney James O'Donnell, the head of the Labor Law Practice Group, on the case with a rate of $400.00, and (iii) multiplying 19.5 billable hours spent by Paralegals on the case with a rate of $100.00. (*See* ECF No. 26-2.) Therefore, the percentage method is reasonable as it is lower than the lodestar.

Furthermore, Plaintiffs' counsel requests reimbursement for $1,928.50 in costs, which includes the $405.00 initial filing fee, $487.50 mediation fee, and $1036.00 for service costs. (ECF No. 26 at 4.) Plaintiffs' counsel submits documented proof of these costs. (*See* ECF No. 26-3.); *Martinez v. Golden Flow Dairy Flows Inc.*, No. 21-CV-2421, 2024 WL 1242639, at *12 (E.D.N.Y. Mar. 22, 2024) ("[T]he party requesting fees must submit documentation to support its request.") (citation omitted). Indeed, these costs are reasonable within this District and, as such, should be awarded here. *See Shin v. Party Well Rest. & Oriental Bakery, Inc.*, No. 20-CV-01319 (CBA) (TAM), 2023 WL 8701337, at *10-11 (E.D.N.Y. Dec. 15, 2023) (awarding costs for, among other costs, the filing fee, service of process charges, and mediator fees where plaintiff submitted documented proof of each charge and "the types of expenses sought [] are reasonable and routinely recoverable as litigation costs"). Thus, the Court finds the attorneys' fees and costs as set forth in the Settlement Agreement are fair and reasonable.

Lastly, Paragraph 3 of the Settlement Agreement expressly states that the parties agree to have this Court retain jurisdiction to enforce the settlement. (ECF No. 26-1 at ¶ 3.) As such, the Court will retain jurisdiction to enforce the Settlement Agreement. *See Cisneros v. Borenstein Caterers, Inc.*, 761 F. Supp. 3d 513, 515 (E.D.N.Y. 2024) (citing *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) ("district court may retain jurisdiction to enforce by 'expressly retain[ing] jurisdiction over the settlement agreement'")).

4

Accordingly, the settlement is approved, and the Motion for Settlement Approval (ECF No. 26) is granted. The Clerk of Court is directed to close out the case.

Dated:   Central Islip, New York.
         October 30, 2025

**S O   O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge
