**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

FELIX SAUL GUEVARA NOLASCO and LUIS FERNANDO
TRUJILLO LOPEZ, individually and on behalf of all others
similarly situated,

                 *Plaintiffs*,

      -against-

SUNRISE METAL INC., J.A.G. AIR CONDITIONER CORP.
and JAG MECHANICAL SERVICE LLC, and JOSE
CARVAJAL, as an individual,

                 *Defendants*.
-----------------------------------------------------------------------X

**FILED**
**CLERK**
**3/30/2026**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**

24-cv-08057 (JMW)

**WICKS,** Magistrate Judge:

Plaintiffs commenced the instant action against Defendants for, *inter alia*, failure to pay overtime wages pursuant to the Fair Labor Standards Act and the New York Labor Law. (*See* ECF No. 1.) On October 30, 2025, the Court approved the parties' settlement agreement. (*See* ECF No. 29.) Several months after, the Defendants did not comply with the terms by failing to pay the Plaintiffs the agreed upon sum, which promoted the pending motion before the Court of Plaintiffs' Motion to Reopen the Case. (*See* ECF No. 30.) At the same time, counsel for Defendants, Michael D. Yim ("Counsel"), now seeks to be relieved as Counsel for the Defendants due to the fact that representation did not extend to post-judgment enforcement and Defendants' failure to meet their financial obligations to make timely legal fee payments. (ECF No. 32 at 2.) No opposition was filed. (*See* Electronic Order dated 3/13/2026.) For the reasons stated herein, the Motion to Withdraw as counsel for Defendants (ECF No. 32) is **GRANTED**.

1

## **LEGAL FRAMEWORK**

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and

Eastern Districts of New York governs the withdrawal of counsel.

> [A]n attorney who has appeared for a party may be relieved or displaced only by
> order of the court. Such an order may be issued following the filing of a motion to
> withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons
> for withdrawal or displacement and the posture of the case, and whether or not the
> attorney is asserting a retaining or charging lien. … All motions to withdraw must
> be served upon the client and (unless excused by the court) upon all other parties.
> Proof of such service upon the client shall be filed on the docket in each case where
> withdrawal is sought.[1]

Local Civ. R. 1.4(b).

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion

of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS) (AKT), 2006

WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir.

1999)). "In determining whether to grant a motion to withdraw as counsel, 'district courts ...

analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing

of the proceeding.'" *Schwartz v. AMF Bowling Ctr., Inc.*, 746 F. Supp. 3d 1, 6 (E.D.N.Y. 2024)

(quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 08-CV-6469 (DAB) (JCF), 2011 WL

672245, at *1 (S.D.N.Y. Feb. 17, 2011)). New York's Rules of Professional Conduct

("NYRPC")[2] neatly divide the bases for withdrawal into two broad categories, namely,

mandatory (*see* NYRPC Rule 1.16(b)) and permissive (*see* NYRPC Rule 1.16(c)).

With this framework in mind, the Court addresses the instant application.

---

[1] As part of the motion, Counsel submitted an Affidavit of Service that he served his motion to withdraw
and supporting documents upon all Defendants on March 12, 2026. (*See* ECF No. 32 at 28-29.)
[2] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting
in New York as well as in New York State courts." *Steele v. Bell*, No. 11-CV-9343 (RA), 2012 WL
6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

**DISCUSSION**

Withdrawal is sought here under one of the enumerated "permissive" sections of Rule 1.16(c) (ECF No. 32), namely, that (i) withdrawal can be accomplished without material adverse effect on the interests of the client, and (ii) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees. *See* NYRPC Rule 1.16(c)(1), (c)(5).[3]

***Limited Scope of Representation***

Counsel argues that the retainer agreement limited the scope of representation to Defendants' defense of the claims, and the present issues arise from non-compliance of the settlement agreement and post-judgment enforcement. (ECF No. 32 at 2.) When an attorney is engaged for a limited purpose such as defending a party in an action and the case ends, representation terminates. *See de Jesus Rosario v. Mis Hijos Deli Corp.*, 491 F. Supp. 3d 8, 11 (S.D.N.Y. 2020) (granting withdrawal but ordering counsel to provide the Court and Plaintiff with addresses to serve the individual defendants); *Lavatec Laundry Tech. GmbH v. Voss Laundry Sols.*, No. 13-CV-00056 (SRU), 2018 WL 7629155, at *1 (D. Conn. Mar. 28, 2018) (discussing a parallel Connecticut state rule and finding that the attorney client relationship ended when the case was terminated; thus, the attorney's representation did not extend to post-judgment matters).

Pursuant to 22 NYCRR § 1215, an attorney must provide the client a letter of engagement or a retainer agreement that addresses an "explanation of the scope of the legal services to be provided." 22 NYCRR § 1215.1. The retainer agreement here states that Counsel was retained by Defendants "regarding a wage and hour lawsuit filed by [Plaintiffs]." (ECF No.

---

[3] While Counsel does not cite the specific subsections of Rule 1.16(c), the Court interprets the reasons for withdrawal under Rules 1.16(c)(1), (c)(5).

32 at 8.) As such, Counsel avers that the "scope of counsel's representation was therefore limited to the defense and resolution of the claims asserted by Plaintiffs in this action." (*Id.* at 5.)

Indeed, a "lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances, the client gives informed consent and where necessary notice is provided to the tribunal and/or opposing counsel." Rule 1.2. *Scope of Representation and Allocation of Authority Between Client and Lawyer*, Simon's NY Rules of Prof. Conduct Rule 1.2. In *de Jesus Rosario*, defense counsel filed a motion to withdraw on two grounds, one of which was that "their representation ended in May 2020, when the Court … closed the case." 491 F. Supp. 3d at 10. However, as defense counsel appeared in post-judgment proceedings, the Court required the attorney to file the motion to withdraw. *Id.* Here, Counsel has not appeared in post-judgment proceedings and is seeking to be relived. Likewise, in *Lavatec Laundry Tech. GmbH*, the Court stated that once the litigation came to a conclusion, which was what counsel was hired for, the relationship ended. 2018 WL 7629155, at *1. The Court went further on that "the attorney-client relationship between Attorney Linderman and Voss has 'formal[ly] terminat[ed],' and Attorney Linderman need not—and indeed, without authority, cannot— represent Voss in the post-judgment proceedings." *Id.* (internal citation omitted). Here, Defendants were informed of the scope of representation, which was limited to the "lawsuit" regarding the wage and hour dispute, and not post-judgment enforcement. Once the lawsuit ended, so did Counsel's representation. Further proceedings as to the enforcement of the settlement or to reopen the case are beyond the scope of the retention.

### *Non-payment of Legal Fees*

In addition, Counsel asserts that "Defendants have failed to satisfy their financial obligations under the retainer agreement and have not paid legal fees owed to counsel." (ECF

4

No. 32 at 2.) "Numerous courts have permitted attorneys to withdraw when clients deliberately disregard fee agreements." *McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990). However, the "Court recognizes that the mere '[n]onpayment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation.' [Yet the] Second Circuit has, however, acknowledged that, under certain circumstances, '[a] client's refusal to pay attorney's fees may constitute 'good cause' to withdraw.'" *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quoting *United States v. Parker,* 439 F.3d 81, 104 (2d Cir. 2006)).

Local Civ. R. 1.4 only allows granting a motion to withdraw if there is "a showing by affidavit or otherwise of *satisfactory* reasons for withdrawal." Courts in this District have granted withdraw motions under similar circumstances by finding non-payment is a satisfactory reason. *See, e.g., Chase Bank USA, N.A. v. Allegro Law, LLC* , No. 08-CV-4039 (DRH) (WDW), 2011 WL 13302729, at *1 (E.D.N.Y. June 23, 2011) (finding that clients failure to pay legal fees constituted a basis for granting motion to withdraw) (collecting cases); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.* , 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (collecting cases) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a satisfactory reason for withdrawal under Local Rule 1.4"); *Crescit Mortg. Cap., LLC v. Emerald Bay Apartments, LLC*, No. 22-CV-10263 (DEH), 2024 WL 5710647, at *2 (S.D.N.Y. Apr. 25, 2024) ("Defendants' failure to pay legal fees is a satisfactory reason to grant Counsel's motion to withdraw").

In *Sound Around, Inc. v. Friedman*, the Court stated that non-payment of legal fees is a valid basis to allow counsel to withdraw. No. 24-CV-1986 (DLC) (KHP), 2025 WL 3281434, at *2 (S.D.N.Y. Nov. 25, 2025).  The Court noted that the documentation provided of the unpaid legal bills coupled with the lack of opposition to rebut the documents, was sufficient grounds to grant the motion. *Id.* The facts and circumstances here are identical.  As Defendants have failed

5

to pay the invoices due within thirty days as the retainer agreement states, Counsel has the right to cease representation. (ECF No. 32 at 2, 8.) Indeed, Counsel attaches the overdue invoices, which are well beyond the thirty-day deadline. (*See id.* at 12-27.) Lastly, Counsel is not asserting a retaining or charging lien. (*Id.* at 6.)

### *Lack of Communication with Counsel*

Further, Counsel has attempted numerous times to communicate with Defendants regarding the non-compliance and failure to meet their obligations but has not been successful. (ECF No. 32 at 2.) Thus, under these circumstances, Counsel cannot effectively represent Defendants. *See Interpool, Inc. v. JJS Transportation & Distribution Co.*, No. 22-CV-01103 (JMA) (JMW), 2022 WL 17335670, at *5 (E.D.N.Y. Nov. 30, 2022) ("When a client makes it unreasonably difficult for an attorney to effectively carry out representation for the client—like here—that is sufficient grounds to grant the application.") No opposition from Defendants also suggests that withdrawal is the proper course here. *Doe v. Holy Bagel Cafe II, Inc.*, No. 2:15-CV-03620 (MKB) (JMW), 2024 WL 4708707, at *3 (E.D.N.Y. Oct. 17, 2024) ("Given the clear breakdown in communication and to whatever attorney-client relationship that may have persisted, and considering the absence of opposition by Defendant Sanchez, withdrawal is appropriate.")

Accordingly, the circumstances presented here are satisfactory reasons for permissive withdrawal.

### *Temporary Stay of Proceedings*

In light of the grant of the motion, a stay is appropriate. A thirty-day stay of proceedings will provide sufficient time and opportunity for Defendants to retain substitute counsel, and for new counsel to become familiar with the matter. "Courts often find it appropriate to grant a short

6

stay in order to alleviate any possible prejudice to the client whose counsel is withdrawing and allow the client time to find new counsel." *Bueno v. Allcity Med., P.C.*, No. 22-CV-2216 (JGLC) (KHP), 2023 WL 7001398, at *3 (S.D.N.Y. Oct. 17, 2023); *see Allen v. Krucial Staffing, LLC*, No. 20-CV-2859 (JGK), 2022 WL 2106447, at *2 (S.D.N.Y. June 9, 2022) (granting a thirty-day stay of proceedings after granting a motion to withdraw to ensure that plaintiffs have time to retain new counsel or decide to proceed pro se); *Jimenez v. Garvies Point Bagel Corp.*, No. 24-CV-04449 (SJB) (JMW), 2025 WL 3299442, at *3 (E.D.N.Y. Oct. 7, 2025) (same).

Accordingly, Counsel's motion to withdraw is granted.

### CONCLUSION

For the reasons stated above, the Motion to Withdraw as counsel for Defendants (ECF No. 32) is **GRANTED**. All proceedings in this case are stayed until **April 30, 2026**, so that Defendants are afforded the opportunity to retain substitute counsel. The parties shall appear for the in-person Hearing on **April 30, 2026, at 1:00 PM** before the undersigned. Outgoing counsel is directed to serve a copy of this Order upon Defendants at their last known addresses and email addresses and file proof of service on ECF **within two business days**.

Dated: Central Islip, New York
         March 30, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

7