**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

FELIX SAUL GUEVARA NOLASCO and LUIS FERNANDO
TRUJILLO LOPEZ, individually and on behalf of all others
similarly situated,

　　　　　　　　　*Plaintiffs*,

　　　　　　　　　-against-

SUNRISE METAL INC., J.A.G. AIR CONDITIONER CORP.
and JAG MECHANICAL SERVICE LLC, and JOSE
CARVAJAL, as an individual,

　　　　　　　　　*Defendants*.

-----------------------------------------------------------------------X

**FILED**
**CLERK**

**4/30/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**

24-cv-08057 (JMW)

**A P P E A R A N C E S:**

　　　　Elisabeth Cimi
　　　　James Patrick Peter O'Donnell
　　　　**Helen F. Dalton & Associates, P.C.**
　　　　80-02 Kew Gardens Road, Suite 601
　　　　Kew Gardens, NY 11415
　　　　*Attorneys for Plaintiffs*

　　　　*No appearance for Defendants[1]*

**WICKS,** Magistrate Judge:

Plaintiffs commenced the instant action against Defendants for, *inter alia*, failure to pay overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (*See* ECF No. 1.) On October 30, 2025, pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) the Court approved the parties' settlement, which included a provision that the court continue to exercise jurisdiction to enforce the agreement. (*See* ECF No.

---

[1] Prior counsel for Defendants moved to withdraw (*see* ECF No. 32), which the Court granted. (*See* ECF No. 34.) However, the individual Defendants have not appeared on this motion, nor has new counsel appeared.

1

29 (the "Approval Order").) Plaintiffs now complain that Defendants failed to comply with the terms by default in their payment obligation. (*See* ECF No. 30 at 1.) Now before the Court is Plaintiffs' Motion to Reopen the Case. (ECF No. 30.) Defendants did not file a response or any opposition to the motion, notwithstanding the opportunity to do so. (*See* Electronic Order dated 1/28/2026.) The Court also issued an Order to Show Cause, to which Defendants twice failed to respond. (*See* Electronic Orders dated 2/12/2026, 2/22/2026.) Oral argument was scheduled and held on April 30, 2026. (*See* Electronic Order dated 4/30/2026.) Again, Defendants were a "no-show". For the following reasons, the Motion to Reopen the Case is (ECF No. 30) **DENIED**.

## THE AGREEMENT

The parties filed a Motion for Settlement Approval (ECF No. 26) and consented to the jurisdiction of the undersigned for all purposes. (ECF Nos. 27-28). In reviewing the Settlement Agreement, the Court found it to be fair and reasonable, and thus, compliant with the standards set forth in *Cheeks*. (ECF No. 29.) The Settlement Agreement provided for "a global settlement of $35,500.00 to resolve all claims," $22,381.00 of which is recoverable by Plaintiffs after attorneys' fees and expenses are deducted. (*See* ECF Nos. 26 at 4; 26-1 at 1-2.) Defendants were directed to fulfill payment in accordance with the Settlement Agreement in the following apportioned manner—$11,190.50 to each of the two Plaintiffs and $13,119.00 to Plaintiffs' counsel. (ECF No. 26-1 at 1-2.) Paragraph 2 of the Settlement Agreement provided for the "Notice and Cure Period," which is the Paragraph Plaintiffs rely on in the instant motion. It states:

> If a payment is not timely received by Plaintiffs and their counsel, then Plaintiffs' counsel will send written notice to Defendants' counsel via electronic mail, advising of the overdue payment. Defendants will then have seven (7) business days to cure the defect. If Defendants do not cure within that time period, Plaintiffs will seek judicial relief including re-opening litigation and/or enforcement of the terms herein and attorneys' fees related to such relief.

(*Id.* at ¶ 2.)

2

Defendants thereafter failed to pay.  A series of follow-ups were made by Plaintiffs to Defendants seeking payment, all to no avail. The defect was never cured, and considering that, Plaintiffs now request the Court to re-open litigation or "schedule a conference to discuss further relief." (ECF No. 30 at 2.)

## DISCUSSION

### I.    Jurisdiction

Jurisdiction exists to enforce the settlement agreement. Courts have held that a federal district court will retain jurisdiction to enforce a settlement agreement, a matter usually reserved for state courts—when jurisdiction is expressly retained "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Cisneros v. Borenstein Caterers, Inc.*, 761 F. Supp. 3d 513, 515-16 (E.D.N.Y. 2024) (citing *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 134 (2d Cir. 2011); *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) ("[District Court may retain jurisdiction to enforce by 'expressly retain[ing] jurisdiction over the settlement agreement.'")); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (explaining that the federal court which retained jurisdiction over the settlement agreement is the proper forum to litigate the breach of such agreement).

Here, the Court *expressly* retained jurisdiction to enforce the settlement agreement by providing as such in the Approval Order. (*See* ECF No. 29 at 4) ("[T]he Court will retain jurisdiction to enforce the settlement agreement.").

### II.    Motion to Reopen Litigation

Generally, when a federal district court is presented with a settlement agreement to be enforced because one party – such as the Defendants here – default on payments, the proper

3

course of action to be taken is that of a breach of contract claim or otherwise enforcing a confession of judgment. Although reopening the lawsuit pursuant to Fed. R. Civ. P. 60(b) is possible, it is not routinely granted. *See Lei v. Haryin Inc.*, 644 F. Supp. 3d 1, 4 (S.D.N.Y. 2022) (discussing that re-opening a case or relieving a party from a final judgment may only be done when there are extraordinary circumstances); *Manning v. Dubois*, No. 95-CV-1806 (JFK), 1996 WL 153950, at *2 (S.D.N.Y. Apr. 2, 1996) (internal quotations omitted) ("Fed. R. Civ. P. 60(b) . . . permits extraordinary relief, [and] the Second Circuit has instructed that it may be invoked only if the moving party meets its burden of demonstrating exceptional circumstances."); *cf. Tangtiwatanapaibul v. Tom & Toon Inc.*, No. 17-CV-00816 (KHP), 2021 WL 3774310, at *6 (S.D.N.Y. Aug. 24, 2021), *aff'd*, No. 20-3852, 2022 WL 17574580 (2d Cir. Dec. 12, 2022) ("The law is also clear that breach of a settlement agreement is not a ground for reopening under Rule 60(b) where the case has been dismissed with prejudice without reserving jurisdiction over claims arising out of the settlement agreement, as was the case here.").

"Simply put, [a]n alleged breach of a settlement agreement is insufficient to warrant relief under Rule 60(b)(6), which provides for reopening cases only under 'extraordinary circumstances.'" *Supervalu Inc. v. Ectaco Inc.*, No. 10-CV-5267 (RLM), 2011 WL 3625567, at *1 (E.D.N.Y. Aug. 12, 2011) (internal citation omitted) (collecting cases). "Extraordinary circumstances will be found if and only if, without such relief, an extreme and unexpected hardship would occur; such a showing cannot be made where, as here, defendant may file a separate action on the settlement agreement itself." *Id.* (internal citation omitted). This concept is not limited to FLSA cases.

Nonetheless, Plaintiffs have not made a showing of extraordinary circumstances. Nor have Plaintiffs cited Fed. R. Civ. P. 60(b). Here, Plaintiffs broadly seek to re-open litigation

4

rather than to enforce the settlement terms. The purpose of re-opening litigation is not mentioned in any document of record. (*See* ECF Nos. 26 and 30.)

Courts in this Circuit have permitted litigation to be reopened but solely for the limited purpose to enforce the settlement. *See Bereswill v. Def Pen Media, LLC*, No. 18-CV-4631 (ENV) (RLM), 2021 WL 7208644, at *2 (E.D.N.Y. Nov. 3, 2021) (copyright infringement case) (discussing the procedural background and stating that the Court granted "plaintiff's third request to reopen the case for the narrow purpose of 'filing a motion seeking payment of the balance of the settlement agreement'"); *Bassy v. Faith Sec. Servs. Inc.*, No. 12-CV-2712 (PKC) (SMG), 2017 U.S. Dist. LEXIS 95037, at * 7 (E.D.N.Y. June 19, 2017) (FLSA case) (granting plaintiffs' motion to reopen to "enforce the confession of judgment"); *H&H Metals Corp. v. Iqbal*, No. 17-CV-4753 (SHS), 2019 WL 3242307 (S.D.N.Y. July 3, 2019) (reopening litigation in a guaranty matter for the limited purpose of entering judgment in plaintiffs' favor pursuant to a provision in the settlement agreement which provided for litigation to be reopened if the defendant did not pay).

Courts in other districts have also reopened litigation, but under proper circumstances. *See e.g., Beverly v. RC Operator, LLC*, No. 18-1869 (ETH), 2021 WL 1922999, at *1 (E.D. Pa. May 13, 2021) (FLSA case) (explaining that, prior to the instant matter, litigation was reopened pursuant to plaintiff's Rule 60(b) motion); *Brock v. JH Portfolio Debt Equities, LLC*, No. 18-2685 (JAR) (TJJ), 2019 WL 4415086, at * (D. Kan. Sep. 16, 2019) (FDCA case) (explaining that a motion to reopen litigation prior to the instant matter was granted because the defendants "failed to uphold [their] obligations arising pursuant to the settlement agreement . . .").

The Southern District of Florida dealt with similar issues such as here. In a FLSA case, the Court denied the plaintiff's motion to reopen litigation despite the settlement agreement

providing for such action had the agreement been breached by the defendants for nonpayment of sums owed. *Mora v. Venegas*, No. 23-CV-21994 (DPG), 2024 U.S. Dist. LEXIS 181830, at *2-3 (S.D. Fla. Oct. 4, 2024). The Court explained that while the agreement provided that the Court retained jurisdiction, there was only good cause to enter a final judgment in favor of Plaintiff and denied the request to reopen the matter. *Id.* at *3.

   *Sanchez v. Hyper Structure Corp*, is instructive. *Sanchez*, No. 19-CV-4524 (KAM)(PK), 2022 WL 4636224 (E.D.N.Y. Mar. 31, 2022). In *Sanchez*, a similar FLSA and NYLL action brought by same counsel as Plaintiff's here, Plaintiff moved to reopen the case. The Court held several conferences with the parties and after attempts to fulfill payment obligations were unsuccessful, considered the motion to reopen. *Id.* at *1-3. Plaintiffs there, unlike here, provided support for the motion to reopen under Fed. R. Civ. P. 60(b)(3) and 60(b)(6). *Id.* at *3-4. However, the authority cited was outside the Second Circuit and not binding. *Id.* at *7-8. The Court found no indicia of fraud or extraordinary circumstances present to reopen the matter. *Id.* at * 5-9. Given this and Plaintiffs' failure to even provide authority here, leads to the conclusion that reopening litigation is unwarranted.

   As noted, Plaintiffs have not provided the Court with any authority for their application to re-open the litigation. Nor has the Court independently found any. Therefore, the only avenue at this point for Plaintiffs to explore is a breach of contract claim. *See Gomez v. Terri Vegetarian LLC*, No. 17-CV-213 (JLC), 2021 WL 2349509, at *3 (S.D.N.Y. June 9, 2021) (internal citation omitted) ("Actions to enforce settlement agreements are in essence, breach of contract actions," … "[w]here a case has been dismissed, … the plaintiff thereafter asks the court to enforce the parties' settlement agreement.")). Indeed, retaining jurisdiction clauses allows a federal court to enforce a settlement, not relitigate a dismissed action. *See Cross Media Mktg. Corp. v. Budget*

*Mktg.*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004)( "[I]f parties wish to have a district court retain jurisdiction to enforce a settlement, they must apply for that relief and allow the court to make a reasoned determination as to whether retention is appropriate."); *see also Flores-Colin v. La Oaxaquena Rest. Corp.*, No. 18-CV-02966 (SN), 2022 WL 2119301, at *2 (S.D.N.Y. May 10, 2022) (quoting *Ream v. Berry-Hill Galleries, Inc.*, No. 16-CV-7462 (SLC), 2020 WL 5836437, at *2 (S.D.N.Y. Oct. 1, 2020) ("Actions to enforce settlement agreements are in essence, breach of contract actions governed by state law and do not themselves raise a federal question unless the court that approved the settlement retained jurisdiction.")).

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion to Reopen the Case (ECF No. 30) is **DENIED**, with leave to renew by moving to enforce the settlement.

Dated: Central Islip, New York
        April 30, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

7